Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: kspelman@mount.com, dfingerman@mount.com

Counsel for San Francisco Technology Inc.

United States District Court
Northern District of California, San Jose Division

| | |
|---|---|
| San Francisco Technology Inc.<br><br>Plaintiff<br><br>vs.<br><br>Sun Products Corporation<br><br>Defendant | Case No. 5:10-cv-03251-JF-PSG<br><br>**Plaintiff's Opposition to Sun's Motion to Dismiss**<br><br>Date:    January 20, 2010<br>Time:   1:30 p.m.<br>Room:  Courtroom 3, 5th Floor<br>Judge:  Jeremy Fogel |

**Table of Contents**

Introduction ........................................................................................................................................ 1

Argument .......................................................................................................................................... 2

I. Federal Law And Public Policy Prohibit False Marking ............................................................... 2

   A. Public policy underlying the false marking statute .................................................................. 2

   B. The elements of false marking: falsity and intent to deceive the public .................................. 4

      (1) The falsity requirement: "marking an unpatented article" ..................................................... 4

      (2) Intent to deceive the public .................................................................................................... 4

      (3) Harm is not an element of a claim for false marking and need not be alleged or proved .... 6

II. Facts alleged in the complaint are presumed true at the pleading stage ....................................... 6

III. Marking with expired patents is "false" under § 292 .................................................................. 7

IV. False marking does not trigger the "fraud" pleading standard of Rule 9(b) ............................... 8

V. Even if specificity is required under Rule 9, SF Tech's complaint meets this standard ............. 11

   A. Rule 9 never requires pleading knowledge or intent with particularity .................................. 11

   B. Rule 9 cannot require SF Tech to plead more than it must prove at trial ................................ 12

   C. SF Tech's complaint alleges the marking element with particularity ..................................... 13

Conclusion ...................................................................................................................................... 16

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

**Introduction**

The law encourages manufacturers to inform the public about their patent rights. Truthful and accurate patent markings are a key mechanism to inform the public about patent rights. However, *falsely* marking an *unpatented* product — as if patent rights existed — is illegal. False marking stifles competition, chills scientific research, and undermines federal public policy.

The Sun Products Corporation ("Sun") falsely represented to the public that its Snuggle fabric softener products are protected by U.S. Patent No. 5,108,009, by marking them with the text alleged in the complaint. It is beyond dispute that U.S. Patent No. 5,108,009 had expired and did not protect the marked products because its invention was in the public domain. The law is clear that this is a false marking.

Manufacturers who choose to mark their products with patent numbers do so primarily to notify the public of their patent rights, because 35 U.S.C. § 287 provides financial incentives to do so. That statute permits a patentee to recover enhanced money damages for infringement if it has notified the public of its patent rights by *truthfully marking* its products.[1] However, *false marking* with intent to deceive is illegal in part to avoid abuses of this benefit. Section 292(a) of the Patent Act provides:[2]

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public; … Shall be fined not more than $500 for every such offense.

Marking a product with an expired patent is false as a matter of law. Courts have recognized this for over a century, culminating in the Federal Circuit's recent opinion in *Pequignot v. Solo Cup*, holding "that an article covered by a now-expired patent is 'unpatented.'"[3]

Sun incorrectly suggests that claims for false patent marking sound in fraud and are therefore held to the heightened pleading standard of Rule 9 of the Federal Rules of Civil Procedure. Sun chiefly relies on two propositions: (1) the superficial, semantic similarity between "false marking" and the elements of fraud, and (2) District Courts which assumed that proposition with little or no

---

[1] *See e.g., Crown Packaging Technology Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009)
[2] 35 U.S.C. § 292(a)
[3] *Schwebel v. Bothe*, 40 F. 478, 479 (E.D. Mo. 1889); *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1361 (Fed. Cir. 2010) ("*Pequignot 4*")

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

analysis.  Courts have examined this issue and reached the opposite conclusion — holding that claims for false marking are subject to Rule 8, the notice pleading rule that generally governs all pleadings in federal courts.

Even if Rule 9 did apply, SF Tech's complaint contains enough specificity to meet that standard.  The complaint identifies each marked product, quotes the text of each false marking, and alleges that the marking occurred after the listed patents had expired.  Sun does not suggest that any reasonable basis existed at the time of its markings to believe those markings were truthful.  Therefore, under Federal Circuit caselaw, these facts create a presumption that Sun applied the false markings for the purpose of deceiving the public.  Even if this presumption did not apply, however, the complaint would still be sufficient because Rule 9(b) expressly permits that "intent, knowledge, and other conditions of a person's mind may be alleged generally."

Accordingly, Sun's motion to dismiss must be denied.  If the court finds that the complaint is not sufficiently pled, the court must grant leave to amend.[4]

## Argument

### I. Federal Law And Public Policy Prohibit False Marking

#### A. Public policy underlying the false marking statute

The law encourages patentees to inform the public about their patent rights.  If a manufacturer makes a product that is protected by a patent, section 287 of the Patent Act gives it an incentive to notify the public of its patent rights by marking the product with the applicable patent number.  If a product is properly marked, section 287 provides that the patentee may recover enhanced damages against infringers.[5]

The public policy of disseminating information about patent rights requires that patent markings be *truthful*, so Congress outlawed *untruthful* markings over 150 years ago.  Borrowing from earlier copyright statutes, Congress enacted the first false patent marking statute in 1842.[6]  Over the next 110 years, this statute was amended several times, but the basic substance remained the same.

---

[4] *See e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d 1016, 1031 (9th Cir. Cal. 2009), *D-Beam v. Roller Derby Skate Corp.*, 316 Fed. Appx. 966, 969 (Fed. Cir. 2008)
[5] 35 U.S.C. § 287(a)
[6] Elizabeth I. Winston, *The Flawed Nature of the False Marking Statute*, 77 Tenn. L. Rev. 111, 112 (2009) ("Winston")

The current false marking statute was codified in 1952, in section 292 of the Patent Act:[7]

> (a) Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public … [s]hall be fined not more than $500 for every such offense.
>
> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

Twice in recent years, the Federal Circuit has examined the public policy underlying this statute. In 2005, the Federal Circuit summarized the relevant Supreme Court precedent in *Clontech v. Invitrogen*:[8]

> Together, *Wine Ry.* and *Bonito Boats* explain that Congress intended the public to rely on marking as "a ready means of discerning the status of intellectual property embodied in an article of manufacture or design." *Bonito Boats*, 498 U.S. at 162. *Lear* articulates federal patent policy, recognizing an "important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain." 395 U.S. at 670. That interest is clearly injured by false marking because the act of false marking misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article.
>
> In each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay.

In 2009, the Federal Circuit further explained the public policy underlying the false marking

---

[7] 35 U.S.C. § 292
[8] *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1356–57 and n6 (Fed. Cir. 2005) (discussing *Wine Ry. Appliance Co. v. Enterprise Ry. Equipment Co.*, 297 U.S. 387 (1936); *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141 (1989); and *Lear Inc. v. Adkins*, 395 U.S. 653 (1969))

statute in *Forest Group v. Bon Tool*:[9]

> The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design. Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement. False marking can also cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

Thus, sound public-policy reasons exist to encourage truthful patent markings and to punish false patent markings.[10] Section 292 requires this court to fine a false marker up to $500 per offense, as a punishment for its wrongful conduct and as a deterrent to similarly-situated manufacturers.[11]

### B. The elements of false marking: falsity and intent to deceive the public

"The two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public."[12] Both elements may be proved by a preponderance of evidence.[13]

<u>(1) The falsity requirement: "marking an unpatented article"</u>

An article is falsely marked if it is not protected by at least one claim of each patent listed in the marking.[14] "An article that was once protected by a now-expired patent is no different from an article that has never received protection from a patent. Both are in the public domain."[15] Accordingly, any marking with an expired patent is false as a matter of law.[16]

<u>(2) Intent to deceive the public</u>

"Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that

---

[9] *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1302–1303 (Fed. Cir. 2009) ("*Forest Group 1*") (quotation marks and citations omitted)

[10] *Presidio Components Inc. v. American Technical Ceramics Corp.*, 2010 U.S. Dist. Lexis 36127, 136–37 (S.D. Cal. 2010)

[11] *Forest Group Inc. v. Bon Tool Co.*, 2010 U.S. Dist. Lexis 41291, 6–7 (N.D. Tex. 2010) ("*Forest Group 2*"); *Presidio Components*, 2010 U.S. Dist. Lexis 36127, 136–37 (S.D. Cal. 2010)

[12] *Forest Group 1*, 590 F.3d at 1300

[13] *Pequignot 4*, 608 F.3d at 1363–64; *Forest Group 1*, 590 F.3d at 1300; *Clontech*, 406 F.3d 1347, 1352–53

[14] *Clontech*, 406 F.3d at 1352

[15] *Pequignot 4*, 608 F.3d at 1361 (editing marks omitted) (quoting *Pequignot v. Solo Cup Co.*, 646 F. Supp. 2d 790 (E.D. Va. 2009) ("*Pequignot 3*"))

[16] *Pequignot 4*, 608 F.3d at 1361

1   what it is saying is not so and consequently that the recipient of its saying will be misled into thinking

2   that the statement is true."[17]  Although intent to deceive is "subjective in nature", it is proved "by

3   objective criteria."[18]  The Federal Circuit first articulated this standard in *Clontech v. Invitrogen*:[19]

> Thus, objective standards control and the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent.  Thus, under such circumstances, the mere assertion by a party that it did not intend to deceive will not suffice to escape statutory liability.  Such an assertion, standing alone, is worthless as proof of no intent to deceive where there is knowledge of falsehood.  But in order to establish knowledge of falsity the plaintiff must show by a preponderance of the evidence that the party accused of false marking did not have a reasonable belief that the articles were properly marked (i.e., covered by a patent).

The Federal Circuit has approved two methods of proving intent to deceive.  First, the plaintiff may show that the marker had sufficient knowledge to put it on notice that its marking was false.[20]  Alternatively, a plaintiff may show that the marker lacked a reasonable basis to believe that its marking was true.[21]  A showing of either fact satisfies the plaintiff's burden.

At this point, the law presumes that the marker intended to deceive the public.[22]  The burden then shifts to the marker to prove that it lacked intent to deceive.[23]  "[T]he presumption cannot be rebutted by 'the mere assertion by a party that it did not intend to deceive.'"[24]  Rather, the marker must present "credible evidence" that it had a legitimate purpose for placing a false patent marking on its product.[25]

A plaintiff satisfies his burden by making a *prima facie* showing of a lack of a reasonable basis to believe that a marking was true.  Intent may be pled by alleging facts that show (when unrebutted) a lack of a reasonable basis to believe that a marking was true.[26]  Since it is beyond dispute that a marking with an expired patent is false, there can be no reasonable basis to believe such

---

[17] *Clontech*, 406 F.3d at 1352
[18] *Clontech*, 406 F.3d at 1352
[19] *Clontech*, 406 F.3d at 1352–53 (quotation marks and citations omitted)
[20] *Pequignot 4*, 608 F.3d at 1362–63 (explaining *Clontech*, 406 F.3d at 1352–53)
[21] *Clontech*, 406 F.3d at 1352–53
[22] *Pequignot 4*, 608 F.3d at 1362–63
[23] *Pequignot 4*, 608 F.3d at 1362–64
[24] *Pequignot 4*, 608 F.3d at 1363; *Clontech*, 406 F.3d 1347, 1352–53
[25] *Pequignot 4*, 608 F.3d at 1363
[26] *Clontech*, 406 F.3d at 1352–53

a marking is true.[27] Accordingly, allegations of marking with an expired patent are sufficient to allege that a defendant lacked a reasonable basis to believe its marking was true — which is the same as alleging intent to deceive under the applicable presumption.[28]

<u>(3) Harm is not an element of a claim for false marking and need not be alleged or proved</u>

As discussed above, "[t]he two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public," and both elements may be proved by a preponderance of evidence.[29] Harm is not an element of a claim for false marking — and therefore need not be pled in the complaint or proved at trial.[30] As a matter of formal constitutional theory, injury in fact to the government is required to support the government's standing to sue; and, when such injury is present, the *qui tam* assignment to the relator under § 292(b) confers that standing on SF Tech.[31] This requirement is satisfied when a violation of § 292 is pled, so injury need not be separately alleged.[32] The Federal Circuit explained in *Stauffer v. Brooks Brothers*: "Congress has, by enacting section 292, defined an injury in fact to the United States. In other words, a violation of that statute inherently constitutes an injury to the United States."[33] Accordingly, the pleading of a violation of § 292 is, standing alone, also a sufficient pleading of injury to satisfy standing concerns.

**II. Facts alleged in the complaint are presumed true at the pleading stage**

At the pleading stage, the court must assume to be true all facts alleged in the complaint, and the defendant may not seek dismissal under Rule 12(b)(6) by disputing those facts. Accordingly, if a plaintiff pleads that a marking was false and that the defendant had the requisite state of mind — i.e., that the defendant lacked a reasonable basis to believe the marking was truthful — then a motion under Rule 12(b)(6) must be denied. As the court explained in *Simonian v. Oreck*:[34]

> Having sufficiently pled that defendants have falsely marked a product with an expired patent, Simonian needs only to have sufficiently

---

[27] *Pequignot 4*, 608 F.3d at 1361
[28] *Pequignot 4*, 608 F.3d at 1362–64; *Clontech*, 406 F.3d 1347, 1352–53; *Simonian v. Oreck Corp.*, 2010 U.S. Dist. Lexis 86832, 12–13 (N.D. Ill. 2010); *Simonian v. Bunn-O-Matic Corp.*, 2010 U.S. Dist. Lexis 86216, 12–16 (N.D. Ill. 2010)
[29] *Forest Group 1*, 590 F.3d at 1300; *Pequignot 4*, 608 F.3d at 1363–64; *Clontech*, 406 F.3d 1347, 1352–53
[30] *Forest Group 1*, 590 F.3d at 1300; *Pequignot 4*, 608 F.3d at 1363–64; *Clontech*, 406 F.3d 1347, 1352–53
[31] *Stauffer v. Brooks Brothers Inc.*, 619 F.3d 1321, 1325 (Fed. Cir. 2010)
[32] *Stauffer*, 619 F.3d at 1325
[33] *Stauffer*, 619 F.3d at 1325
[34] *Simonian v. Oreck*, 2010 U.S. Dist. Lexis 86832, 12–13; *see also Simonian v. Bunn-O-Matic*, 2010 U.S. Dist. Lexis 86216, 12–16

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

alleged defendants' deceptive intent. "[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." *Pequignot*, 608 F.3d at 1362–63. Simonian's complaint specifically states that the '902 Patent and the '315 Patent are expired and falsely marked on products, and that defendants had knowledge that these patents were expired and therefore the marks are false. By alleging that defendants had knowledge of their false marking and that the marks were false creates a rebuttable presumption of deceptive intent. Because defendants have sufficiently, albeit generally, alleged deceptive intent and for the other reasons discussed herein, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

### III. Marking with expired patents is "false" under § 292

It is beyond question "that an article covered by a now-expired patent is unpatented. … An article that was once protected by a now-expired patent is no different from an article that has never received protection from a patent. Both are in the public domain."[35] The Federal Circuit explains:[36]

> [M]any of the same public policies apply to falsely marked products with inapplicable patent numbers and expired patent numbers. … [D]etermining the expiration date of a patent can, at times, be difficult. The date of the patent grant is shown on the first page of a patent, but its term currently also depends on the date it was filed; in 1994, the effective term of a patent changed from seventeen years commencing at issuance to twenty years from filing. *See* 35 U.S.C. § 154(a)(2); *Wyeth v. Kappos*, 591 F.3d 1364, 1366 (Fed. Cir. 2010). Furthermore, the term depends on whether there are patent term adjustments and whether the patent owner has paid maintenance fees. *See* 35 U.S.C. § 154(a)(2), (b). Thus, as with a never-patented article, an article marked with an expired patent number imposes on the public "the cost of determining whether the involved patents are valid and enforceable." *Clontech*, 406 F.3d at 1357 n.6. Solo's products that were once covered by now-expired patents are therefore "unpatented" within the meaning of the statute.

This holding is no surprise, since it merely reaffirms over a century of precedent.[37] The District Court in *Pequignot* held the same in a published opinion.[38] This has been the law at least since 1889, when a court in the Eastern District of Missouri wrote in *Schwebel v. Bothe* that a product formerly covered by an expired patent should be marked only if the marking disclaims any current

---

[35] *Pequignot 4*, 608 F.3d at 1361 (quoting the lower court opinion; quotation and editing marks omitted)
[36] *Pequignot 4*, 608 F.3d at 1362
[37] *See Schwebel*, 40 F. at 479
[38] *Pequignot v. Solo Cup Co.*, 540 F. Supp. 2d 649 (E.D. Va. 2008) ("*Pequignot 1*")

1  patent protection — with language such as, "A patent was heretofore obtained on this machine, but it
2  has expired."[39]

3  **IV. False marking does not trigger the "fraud" pleading standard of Rule 9(b)**

4  The pleading standard in federal court is governed by Rule 8, which requires "a short and
5  plain statement of the claim".[40]  The Supreme Court has held:[41]

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.  Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake.  This Court, however, has declined to extend such exceptions to other contexts.

Accordingly, "a short and plain statement of the claim" is sufficient, unless false marking fits the "limited exception" of fraud in Rule 9(b).  Sun relies on the superficial, semantic similarity between the elements of fraud and false marking, such as "intent to deceive" to suggest that false marking is a species of fraud.  Although perhaps superficially attractive, this argument fails when examined.

Many torts that include false or deceptive conduct are not fraud and are therefore governed by the "simplified pleading standard" of Rule 8.[42]  For example, Rule 8 applies to claims for False Advertising and claims for False Designation of Origin.[43]  Similarly, a claim for "deceptive acts or practices in the conduct of any business" need not be pled with particularity because it "extends well beyond common-law fraud to cover a broad range of deceptive practices" and "does not require proof of the same essential elements (such as reliance) as common-law fraud".[44]  When the Federal Circuit held in *Exergen v. Wal-Mart* that claims seeking a declaration of patent unenforceability due to inequitable conduct must be pled with particularity under Rule 9, it expressly relied on a long line of cases holding that inequitable conduct is a species of fraud and that its elements are similar to fraud.[45]  The Federal Circuit has expressly distinguished the evidentiary standard that applies to false marking

---

[39] *Schwebel*, 40 F. at 479
[40] Fed. R. Civ. P. (FRCP) 8(a)(2)
[41] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (footnote omitted)
[42] *Swierkiewicz*, 534 U.S. at 513
[43] *Jurin v. Google Inc.*, 2010 U.S. Dist. Lexis 18208 (E.D. Cal 2010)
[44] *See e.g.*, *Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. N.Y. 2005)
[45] *Exergen Corp. v. Wal-Mart Stores Inc.*, 575 F.3d 1312 (Fed. Cir. 2009)

1  from the evidentiary standard that applies to inequitable conduct.[46]  This distinction demonstrates that
2  the Federal Circuit intends for the law of false marking to develop separately from the law of
3  inequitable conduct.

4  "The two elements of a § 292 false marking claim are (1) marking an unpatented article and
5  (2) intent to deceive the public."[47]  Since false marking also "does not require proof of the same
6  essential elements (such as reliance) as common-law fraud",[48] the "limited exception" of Rule 9 does
7  not apply.[49]  Thus, several District Courts have applied Rule 8 to complaints for false marking and
8  rejected their defendants' attempts to apply Rule 9.  Moreover, this is a growing trend among the
9  District Courts: in November and December 2010, at least five additional District Court decisions
10 were handed down — applying Rule 8 and rejecting Rule 9.[50]

11  A few District Courts have incorrectly assumed, without analyzing the elements of false
12 marking, that Rule 9 should apply.  For example, in *Juniper Networks v. Shipley*, the court relied on
13 the superficial, semantic similarity between "false marking" and the falsity element of fraud.[51]  Sun
14 also cites other cases that do little more than quote *Juniper Networks*.[52]  Before that unpublished 2009
15 decision, there was apparently "no case law that has required the Rule 9 level of pleading to claims
16 for false marking."[53]  In reaching its novel conclusion, the *Juniper Networks* court never compared
17 the elements of false marking to the elements of fraud.  For support, it cited cases requiring the Rule
18 9 standard for claims having a long judicial history of being species of fraud and having similar

---

[46] *Pequignot 4*, 608 F.3d at 1363–64
[47] *Forest Group 1*, 590 F.3d at 1300
[48] *Pelman*, 396 F.3d at 511
[49] *Swierkiewicz*, 534 U.S. at 513
[50] *Accord Patents LLC v. Industrial Revolution Inc.*, N.D. Ga. Case No. 1:10-CV-860-CAP (Docket No. 22); *Texas Data Co. LLC v. Target Brands Inc. & Target Corp.*, E.D. Tex. Case No. 2:10-cv-00269 (Docket No. 30, 11/24/10); *Promote Innovation LLC v. Intendis Inc.*, E.D. Tex. Case No. 2:10-cv-00247 (Docket No. 19, 11/23/10); *Promote Innovation LLC v. Skinmedica Inc. et al.*, E.D. Tex. Case No. 2:10-cv-00245 (Docket No. 27, 11/23/10); *Promote Innovation LLC v. Eisai Inc.*, E.D. Tex. Case No. 2:10-cv-00119 (Docket No. 28, 11/23/10)
[51] *Juniper Networks v. Shipley*, 2009 U.S. Dist. Lexis 40978 (N.D. Cal. 2009)
[52] *See, e.g., Hollander v. Ortho-McNeilJanssen Pharmaceuticals, Inc.*, Civil Action No. 10-836, 2010 WL 4159265 at *5-6 (E.D. Pa. Oct. 21, 2010); *North Carolina Farmers' Assistance Fund, Inc. v. Monsanto Co.*, Civil Action No. 08-409, 2010 WL 3817349 at *9 (M.D.N.C. Sept. 27, 2010); *Josephs v. Federal-Mogul Corp.*, Civil Action No. 10-10617, 2010 WL 3803779 at *2-3 (E.D. Mich. Sept. 23, 2010); *Brinkmeier v. Bic Corp. and Bic USA Inc.*, Civil Action Nos. 09-860, 10-01, 2010 WL 3360568 at *10 (D. Del. Aug. 25, 2010); *Shizzle Pop, LLC v. Wham-O, Inc.*, Civil Action No. 10-3491, 2010 WL 3063066 at *4 (C.D. Cal. Aug. 2, 2010); *Simonian v. Cisco Systems, Inc.*, Civil Action No. 10-1306, 2010 WL 2523211 at *3 (N.D. Ill. Jun. 17, 2010)
[53] *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007), affirmed in *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314 (M.D. Fla. 2007)

1   elements — such as fraud upon the stock market[54] and patent unenforceability for fraud upon the
2   U.S. Patent & Trademark Office.[55]  The *Juniper Networks* court never went beyond the semantic
3   similarity to consider how the elements of false marking compare to the elements of fraud.  Had it
4   done so, it would have reached the same conclusion as the courts in *Astec v. Power-One* and *Third*
5   *Party Verification Inc. v. SignatureLink*.[56]  Both of those courts searched the caselaw for precedent
6   applying Rule 9 to false marking, and they found none.  Without performing the same review, the
7   *Juniper Networks* court completely missed one ruling and superficially dismissed the other in a
8   footnote.[57]

9        The *Astec* court did the required analysis, comparing false marking to fraud, and determined
10  them to be so different that Rule 8, not Rule 9, should apply.[58]  It found not a single case holding that
11  false marking should be pled with particularity.[59]  The reasoning of *Astec* is persuasive:[60]

> Power-One also moves to dismiss Astec's false marking claim for
> failing to plead the claim with specificity.  See Fed. R. Civ. P. 9(b).  In
> the alternative, Power-One moves for a more definite statement.
> Power-One argues that because a false marking claim requires an
> allegation of deceptive intent, it is similar to an averment of fraud,
> which must be pled with specificity.  However, Power-One provides no
> case authority for its proposition linking a false marking claim to an
> averment of fraud.  On the other hand, courts have generally interpreted
> the scope of Rule 9(b) as limited to allegations of fraud and mistake.

18       The *Astec* court is not alone — many other District Courts have also applied the "simplified
19  pleading standard" of Rule 8 to claims for false marking.[61]  Accordingly, this court should follow the

---

[54] *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982 (9th Cir. 2008)
[55] *Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc.*, 557 F. Supp.2d 490, 493 (D.N.J. 2008)
[56] *Astec America Inc. v. Power-One Inc.*, 2008 U.S. Dist. Lexis 30365 (E.D. Tex. 2008); *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007), affirmed in *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314 (M.D. Fla. 2007)
[57] *Juniper Networks*, 2009 U.S. Dist. Lexis 40978, *12, footnote 3
[58] *Astec*, 2008 U.S. Dist. Lexis 30365
[59] *Astec*, 2008 U.S. Dist. Lexis 30365, 26
[60] *Astec*, 2008 U.S. Dist. Lexis 30365, 32–33
[61] *See e.g.*, *U.S. ex rel. FLFMC LLC v. Ace Hardware Corp.*, 2010 U.S. Dist. Lexis 45453 (W.D. Pa. 2010) (analyzing the complaint under the Rule 8 standard); *Brinkmeier v. Graco Children's Products Inc.*, 2010 U.S. Dist. Lexis 12916 (D. Del. 2010) (analyzing the complaint under the Rule 8 standard); *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007) (rejecting the application of Rule 9 to false marking claims), affirmed in *Third Party Verification Inc. v. SignatureLink Inc.*, 492 F. Supp. 2d 1314 (M.D. Fla. 2007); *Accord Patents LLC v. Industrial Revolution Inc.*, N.D. Ga. Case No. 1:10-CV-860-CAP (Docket No. 22); *Texas Data Co. LLC v. Target Brands Inc. & Target Corp.*, E.D. Tex. Case No. 2:10-cv-00269 (Docket No. 30, 11/24/10); *Promote Innovation LLC v. Intendis Inc.*, E.D. Tex. Case No. 2:10-cv-00247 (Docket No. 19, 11/23/10); *Promote Innovation LLC v. Skinmedica Inc. et al.*, E.D. Tex. Case No. 2:10-cv-00245 (Docket No. 27, 11/23/10); *Promote Innovation LLC v. Eisai Inc.*, E.D. Tex. Case No.

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

1  great weight of this precedent and apply Rule 8 to SF Tech's complaint for false marking.

2  Sun seems to think the Federal Circuit opined in *Stauffer* that a false marking complaint must
3  satisfy the fraud pleading standard under Rule 9. The *Stauffer* court offered no such opinion. In
4  *Stauffer*, the Federal Circuit reversed all of the District Court's holdings and remanded for further
5  proceedings. The Federal Circuit expressly remanded for the District Court to determine Brooks
6  Brothers' motion to dismiss. In doing so, it quoted the District Court's footnote, where the District
7  Court recited Brooks Brothers' argument that Rule 9 (as opposed to Rule 8) applies.[62] However, in
8  that quoted passage, the District Court expressly stated that it was declining to decide that motion.
9  Taken in context, it is clear that the District Court was simply restating Brooks Brothers' argument as
10 a way of identifying the motion being referred-to. The District Court did not purport to decide
11 whether that argument had merit. Since the District Court never decided that question and the
12 Federal Circuit expressly remanded with instructions for the District Court to do so, neither court has
13 held whether Rule 8 or Rule 9 should apply.

14 **V. Even if specificity is required under Rule 9, SF Tech's complaint meets this standard**

15 If the court determines that Rule 9 applies to claims for false marking, then it must still deny
16 Sun's motion to dismiss because SF Tech has already met that standard.

17 **A. Rule 9 never requires pleading knowledge or intent with particularity**

18 Sun misreads the law when it suggests that SF Tech should allege intent to deceive with
19 particularity. Rule 9(b) provides that "intent, knowledge, and other conditions of a person's mind
20 may be alleged generally." Thus, SF Tech may allege Sun's knowledge and intent to deceive
21 "generally", and its complaint does so.

22 As Rule 9 permits, the complaint alleges "generally" that "Sun marks its products with patents
23 to induce the public to believe that each such product is protected by each patent listed and with
24 knowledge that nothing is protected by an expired patent. Accordingly, Sun falsely marked its
25 products with intent to deceive the public."[63] This is all that Rule 9 requires concerning knowledge
26 or intent.

---

2:10-cv-00119 (Docket No. 28, 11/23/10)
[62] *Stauffer*, 619 F.3d at 1328 (quoting *Stauffer v. Brooks Brothers Inc.*, 615 F. Supp. 2d 248, 251 n. 1 (S.D.N.Y. 2009))
[63] Complaint at ¶ 132

Case No. 5:10-cv-03251-JF-PSG                                                                                                      Page 11
Plaintiff's Opposition to Sun's Motion to Dismiss

**B. Rule 9 cannot require SF Tech to plead more than it must prove at trial**

Rule 9 cannot require SF Tech to plead more facts that it must prove at trial to prevail on its claims. To prevail at trial, SF Tech must prove by a preponderance of the evidence: (1) the markings are false, and (2) no reasonable basis existed to believe the markings were true.[64] Proof of these facts creates a presumption that each defendant intended to deceive the public — which completes SF Tech's *prima facie* case for false marking.[65] The burden then shifts to the defendants to adduce evidence (if any exists) that they applied false markings to their products for some legitimate purpose.[66]

Since marking an article with an expired patent is false as a matter of law, there can be no reasonable basis to believe such markings were true.[67] At the pleading stage, SF Tech's allegations of these facts are unrebutted, because the court is required to assume that all alleged facts are true. Thus, a presumption applies that each defendant intended to deceive the public.[68] This conclusion was reached by two courts in *Simonian v. Oreck* and *Simonian v. Bunn-O-Matic*.[69] Both of those courts examined complaints very similar to SF Tech's complaint. The *Oreck* court explained:[70]

> Having sufficiently pled that defendants have falsely marked a product with an expired patent, Simonian needs only to have sufficiently alleged defendants' deceptive intent. "[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." *Pequignot*, 608 F.3d at 1362–63. Simonian's complaint specifically states that the '902 Patent and the '315 Patent are expired and falsely marked on products, and that defendants had knowledge that these patents were expired and therefore the marks are false. By alleging that defendants had knowledge of their false marking and that the marks were false creates a rebuttable presumption of deceptive intent. Because defendants have sufficiently, albeit generally, alleged deceptive intent and for the other reasons discussed herein, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

---

[64] *Forest Group 1*, 590 F.3d at 1300; *Pequignot 4*, 608 F.3d at 1362–63; *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)
[65] *Pequignot 4*, 608 F.3d at 1362–63 ("under *Clontech* and under Supreme Court precedent, the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public")
[66] *Pequignot 4*, 608 F.3d at 1363
[67] *Pequignot 4*, 608 F.3d at 1361
[68] *Pequignot 4*, 608 F.3d at 1363
[69] *Simonian v. Oreck Corp.*, 2010 U.S. Dist. Lexis 86832; *Simonian v. Bunn-O-Matic Corp.*, 2010 U.S. Dist. Lexis 86216
[70] *Simonian v. Oreck Corp.*, 2010 U.S. Dist. Lexis 86832, 12–13

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

The complaint alleges the following facts with specificity: the text of Sun's patent marking, the expiration date of Sun's patent, and Sun is marking its products after the patent's expiration. Since there is no reasonable basis to believe that an expired patent protects any product,[71] Sun has no reasonable basis to believe that its marking is truthful. Proof of these facts at trial will complete SF Tech's *prima facie* proof of Sun's deceptive intent.[72]

**C. SF Tech's complaint alleges the marking element with particularity**

The first element of a false marking claim is "marking an unpatented article".[73] It is beyond question "that an article covered by a now-expired patent is unpatented" for purposes of § 292.[74] The complaint alleges that Sun has marked its products with expired patents. The complaint specifically identifies Snuggle fabric softener products. The complaint goes on to state the patent numbers that each product was marked with and that U.S. Patent No. 5,108,009 expired no later than April 29, 2009. It goes on to allege that Sun was advertising the identified products in 2010 — i.e., at the time the complaint was filed in March 2010 — which is long after the patent had expired.

No more specific allegations could exist that the products are marked with expired patents. The timing of the expirations and of the retail sales and advertising of each product is specifically alleged. The most reasonable inference from these allegations is that the false marking is occurring after each patent's expiration. Accordingly, SF Tech alleges upon information and belief that the marking occurred after each patent's expiration. "Pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based."[75] Courts have recognized for over 120 years that dates and times of patent marking need not be alleged in a complaint because those "acts are peculiarly within the knowledge of the defendant, and cannot be exactly stated by the plaintiff."[76] The same is true for the names of the individual persons involved in the marking:[77]

---

[71] *Clontech*, 406 F.3d at 1352–53; *Pequignot 4*, 608 F.3d at 1361
[72] *Pequignot 4*, 608 F.3d at 1361
[73] *Forest Group 1*, 590 F.3d at 1300
[74] *Pequignot 4*, 608 F.3d at 1361 (quoting the lower court opinion; internal quotation marks omitted)
[75] *Exergen*, 575 F.3d at 1331
[76] *Fish v. Manning*, 31 F. 340, 341 (S.D.N.Y. 1887)
[77] *Astec*, 2008 U.S. Dist. Lexis 30365, 33–34

> Furthermore, assuming that a false marking claim must be pled with particularity, Power-One seeks identification of who falsely marked the products with deceptive intent. Astec has identified in its Complaint that Power-One is the corporate entity responsible for Astec's false marking claim. Greater specificity is not necessary at this early stage of the proceedings.

To hold otherwise would limit the class of available *qui tam* relators to whistleblowers — company insiders who expose their employers' illegal conduct. This would be contrary to Congress's express intent, where it provided that "Any person may sue for the penalty."[78]

Even if a "fraudulent scheme" must be alleged under Rule 9(b), SF Tech has also met this standard. In *Simonian v. Oreck*, the court assumed (without deciding) that Rule 9 applies and explained what is required to allege a "fraudulent scheme" in a false marking case:[79]

> Defendants argue that Simonian has not sufficiently alleged fraud under Fed. R. Civ. P. 9(b). … Under Rule 9(b), a complaint's fraudulent scheme should include the who, what, when, where and how. Defendants assert that Simonian has failed to allege the who, what, when, where and how to satisfy Rule 9(b). The court disagrees. Simonian has alleged that defendants (who) have deliberately and falsely marked (how), at least the Oreck XL Classic Power Team vacuum cleaner (what) with an expired patent, and have marketed and are currently marketing the falsely marked product(s) (when) throughout the Northern District of Illinois and the rest of the United States (where). Simonian has alleged the deceptive intent generally, which conforms to the requirements of Rule 9(b). For the above-mentioned reasons, the court rejects defendants' argument that the complaint is insufficient under Rule 9(b).

SF Tech has specifically pled that the accused markings and advertisements were done after each patent's expiration date and that each accused product is being sold retail long after those expirations. No plaintiff can know the exact dates of a defendant's markings without discovery.[80] SF Tech made specific factual allegations of the information that could, in principle, be within the knowledge of any plaintiff at the pleading stage.[81] That is all that Rule 9 requires.

Courts have denied motions to dismiss against complaints that allege far less than SF Tech's complaint in this case. For example, in *FLFMC v. Ace Hardware*, the defendant moved to dismiss a

---

[78] 35 U.S.C. § 292(b); *Stauffer*, 619 F.3d at 1325
[79] *Simonian v. Oreck Corp.*, 2010 U.S. Dist. Lexis 86832, 11–12 (quotation marks, citations, and footnote omitted)
[80] *Fish*, 31 F. at 341
[81] *Fish*, 31 F. at 341

complaint on the same grounds as the motions in this case. That court denied the motion, approving these allegations as sufficient:[82]

> Pursuant to the provisions of 35 U.S.C. § 154 then in effect, the '148 patent expired on October 22, 1974. Defendant, or its agents, manufacture, sell, offer to sell, and/or advertise the product referred to as Trimline® Edger. The Trimline® Edger is marked with patent No. 2,810,148. … After October 22, 1974, Defendant or its agents marked upon, affixed to, or used in advertising in connection with items, including at least the Trimline® Edger, phrases referring to the 2,810,148 patent, implying that the item was patented. Defendant or its agents did so for the purpose of deceiving the public.

Moreover, Judge Seeborg of this court has concluded that SF Tech's allegations are sufficient in a complaint substantially similar to the complaint in this case. In *SF Tech v. Adobe*, SF Tech's complaint for false marking contained allegations substantially identical to its allegations in this case.[83] For example, SF Tech alleged against one defendant:

> 113. Upon information and belief, Super Swim sells swimming products such as its "Super Swim Pro" product.
>
> 114. Super Swim advertises the Super Swim Pro product on its web site, www.superswimpro.com. In its advertisements, Super Swim marks its product as follows: "US Patent 4-530-497 New Patents Pending". Upon information and belief, U.S. Patent No. 4,530,497 expired no later than 4/22/2003.
>
> 115. The above advertisements on Super Swim's web site are also marked "© 2008 Copyright SuperSwimPro". Upon information and belief, Super Swim made decisions to mark its products in the manner described above in at least 2008 when these advertisements were written and again each time each advertisement was revised. Thus, Super Swim made decisions to mark its product in the above-described advertisements long after U.S. Patent No. 4,530,497 expired.

The defendants in *SF Tech v. Adobe* filed motions to dismiss that are substantially similar to the defendants' motions in this case. In the hearing on those motions, Judge Seeborg expressed doubt that it was necessary to reach the question of whether Rule 8 or Rule 9 governs this pleading, because

---

[82] *U.S. ex rel. FLFMC LLC v. Ace Hardware Corp.*, 2010 U.S. Dist. Lexis 45453 (W.D. Pa. 2010); Request For Judicial Notice (RJN) exhibit 2 at ¶¶ 8–13

[83] *San Francisco Technology Inc. v. Adobe Systems Inc.*, Case No. 5:09-cv-06083-RS-HRL (N.D. Cal.); *see also San Francisco Technology Inc. v. Adobe Systems Incorporated*, 2010 U.S. Dist. Lexis 40216 (N.D. Cal. 2010)

Case No. 5:10-cv-03251-JF-PSG   Page 15
Plaintiff's Opposition to Sun's Motion to Dismiss

it would exceed both standards.[84]  Judge Seeborg explained:[85]

> The pleading is detailed as to the products at issue and where the alleged mismarking could have been found in websites and packaging and the like. To the extent that the defendants seem to suggest that the deficiency lies in the failure to allege scienter, deliberate and knowing mismarking, I think that seems to be borrowing from the PSLRA context, and I don't really think it applies in this instance where, under 9(b), at least my reading is you can allege malice, intent, knowledge, in a much more general sense, as opposed to the securities heightened requirements.

Accordingly, SF Tech's complaint passes muster, and Sun's motion must be denied.

## Conclusion

For the reasons discussed above, the court should deny Sun's motion challenging the sufficiency of the complaint. In the alternative, if the court finds that the complaint is not sufficiently pled, then it must grant leave to amend.

Date: December 30, 2010              Mount, Spelman & Fingerman, P.C.,
                                           /s/ Daniel H. Fingerman
                                     Counsel for San Francisco Technology Inc.

---

[84] Transcript at 9:9–14 (Request For Judicial Notice, Exhibit 1)
[85] Transcript at 9:15–24 (Request For Judicial Notice, Exhibit 1)

## Certificate of Service

The undersigned certifies that the foregoing document was filed using the court's electronic filing system (ECF). The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under to accept that Notice as service of this document.

Date: December 30, 2010          Mount, Spelman & Fingerman, P.C.,
                                          /s/ Daniel H. Fingerman
                                 Counsel for San Francisco Technology Inc.

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000