QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Diane M. Doolittle (CA Bar No. 142046)
   dianedoolittle@quinnemanuel.com
   Thomas R. Watson (CA Bar No. 227264)
   tomwatson@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:   (650) 801-5100

   Peter J. Armenio (*admitted pro hac vice*)
   peterarmenio@quinnemanuel.com
   Anne S. Toker (*admitted pro hac vice*)
   annetoker@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York  10010
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100

Attorneys for Defendant
The Sun Products Corporation

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> THE SUN PRODUCTS CORPORATION, <br><br> Defendant. | Case No. 10-CV-03251-JF <br><br> **REPLY IN SUPPORT OF DEFENDANT THE SUN PRODUCTS CORPORATION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** <br><br> Honorable Jeremy Fogel <br> Date:  January 20, 2011 <br> Time:  1:30 p.m. <br> Courtroom:  3, 5th Floor |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I. INTRODUCTION.................................................................................................................. 1

II. STATEMENT OF ISSUES TO BE DECIDED..................................................................... 2

    A. Whether SFTI's pleading satisfies the heightened Fed. R. Civ. P. 9(b) pleading standard............................................................................................................ 2

    B. Whether SFTI's pleading satisfies the Fed. R. Civ. P. 8 standard, as clarified by the Supreme Court in *Twombly* and *Iqbal*............................................................ 2

III. STATEMENT OF RELEVANT FACTS ............................................................................... 2

IV. ARGUMENT .......................................................................................................................... 3

    A. SFTI's Complaint Should Be Dismissed for Failure to Plead Intent to Deceive with Sufficient Specificity Under the Heightened Pleading Standard of Fed. R. Civ. P. 9(b) ............................................................................... 3

        1. Because the False Marking Statute Sounds in Fraud, the Heightened Pleading Standard of Fed. R. Civ. P. 9(b) Applies.......................................... 3

            (a) This Court in *Juniper* Correctly Held That Rule 9(b) Applies Because the False Marking Statute "Is a Fraud-Based Claim" ......... 3

            (b) Pleading Requirements for the False Marking Statute Are Properly Aligned With Those for the False Claims Act and Securities Laws, as Interpreted by the Ninth Circuit ........................ 4

            (c) Pleading Requirements for the False Marking Statute Are Properly Aligned With Those for the Patent Law Doctrine of Inequitable Conduct, as Interpreted by the Federal Circuit .............. 6

            (d) The Weight of Authority Among Numerous District Courts Favors Application of Fed. R. Civ. P. 9(b) to § 292 Claims ............. 7

        2. SFTI's Pleading Does Not Satisfy Fed. R. Civ. P. 9(b), Despite SFTI's Efforts to Cast § 292 as a Strict Liability Statute .............................. 8

    B. SFTI's Complaint Should Be Dismissed for Failure to State a Claim Under the Fed. R. Civ. P. 8 Standard, as Clarified by the Supreme Court's *Twombly* and *Iqbal* Decisions ................................................................................ 11

V. CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Accord Patents, LLC v. Superfeet Worldwide, Inc.*,
  Civil Action No. 10-862, 2010 WL 4236794 (N.D. Ga. Oct. 19, 2010) .......................... 8, 12

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ................................................................................ 1, 2, 11, 12

*Astec Am., Inc. v. Power-One, Inc.*,
  Civil Action No. 07-464, 2008 WL 1734833 (W.D. Tex. Apr. 11, 2008) ...................... 3, 4, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 554 (2007) .................................................................................... 1, 2, 11, 12

*Berson v. Applied Signal Technology, Inc.*,
  527 F.3d 982 (9th Cir. 2008) ............................................................................................ 3

*Bly-Magee v. California*,
  236 F. 3d 1014 (9th Cir. 2001) ........................................................................................ 4

*Brinkmeier v. Bic Corp. and Bic USA Inc.*,
  Civil Action Nos. 09-860, 10-01, 2010 WL 3360568 (D. Del. Aug. 25, 2010) .................... 7

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009) ............................................................................. 6, 8, 9, 11

*Hollander v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*,
  Civil Action No. 10-836, 2010 WL 4159265 (E.D. Pa. Oct. 21, 2010) ............................... 7

*In re BP Lubricants USA Inc.*,
  Appeal No. 2010-M960 ......................................................................................... 1, 4, 11

*In re Stac Electronics Securities Litigation*,
  89 F. 3d 1399 (9th Cir. 1996) ........................................................................................... 5

*Josephs v. Federal-Mogul Corp.*,
  Civil Action No. 10-10617, 2010 WL 3803779 (E.D. Mich. Sept. 23, 2010) ...................... 7

*Juniper Networks v. Shipley*,
  Civil Action 09-696, 2009 WL 1381873 (N.D. Cal. May 14, 2009) .......................... 1, 3, 4, 8

*Jurin v. Google Inc.*,
  695 F. Supp. 2d 1117 (E.D. Cal. 2010) ............................................................................. 5

*North Carolina Farmers' Assistance Fund, Inc. v. Monsanto Co.*,
  Civil Action No. 08-409, 2010 WL 3817349 (M.D.N.C. Sept. 27, 2010) ........................... 7

*Patent Compliance Group, Inc. v. Wright Medical Technology, Inc.*,
  Civil Action No. 10-289, 2010 WL 3766724 (N.D. Tex. Sept. 27, 2010) .......................... 12

*Pelman v. McDonald's Corp.*,
   396 F.3d 508 (2d Cir. 2005) .................................................................................................. 5

*Pequignot v. Solo Cup Co.*,
   608 F.3d 1356 (Fed. Cir. 2010) ............................................................................... 4, 9, 10, 11

*SFTI v. Adobe Systems, Inc.*,
   Civil Action No. 09-6083 (SFTI Br. at 15-16) .................................................................... 11

*Shizzle Pop, LLC v. Wham-O, Inc.*,
   Civil Action No. 10-3491, 2010 WL 3063066 (C.D. Cal. Aug. 2, 2010) ............................. 7

*Simonian v. Cisco Systems, Inc.*,
   Civil Action No. 10-1306 (N.D. Ill. Jun. 17, 2010) .............................................................. 7

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002) .............................................................................................................. 5

**STATUTES**

15 U.S.C. § 77k ............................................................................................................................. 5

15 U.S.C. § 78j(b) ......................................................................................................................... 5

35 U.S.C. § 292(a) ..................................................................................................................... 1, 8

**RULES**

Fed. R. Civ. P. 12(b) ..................................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 12

Fed. R. Civ. P. 8 ................................................................................................................... passim

Fed. R. Civ. P. 9(b) .............................................................................................................. passim

Defendant The Sun Products Corporation ("Sun") respectfully submits this Reply in support of its Motion To Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   INTRODUCTION

The False Marking Statute applies only to acts of false patent marking carried out "for the purpose of deceiving the public."   35 U.S.C. § 292(a).   This Court, along with numerous other districts, has held that the heightened pleading standard of Fed. R. Civ. P. 9(b) applies to § 292 false marking claims.   *See, e.g., Juniper Networks v. Shipley*, Civil Action 09-696, 2009 WL 1381873 (N.D. Cal. May 14, 2009).   This approach is consistent with the Federal Circuit's application of Fed. R. Civ. P. 9(b) to inequitable conduct claims, and the Ninth Circuit's application of Rule 9(b) to claims brought under the False Claims Act and the securities laws.   The United States, in its *amicus* brief in support of a petition for a writ of mandamus to the Federal Circuit, explicitly set out its position that § 292 claims should be subject to the heightened pleading requirements of Rule 9(b).   *In re BP Lubricants USA Inc.*, Appeal No. 2010-M960.   (D.I. 22-3 Ex. 1.)

San Francisco Technology Inc.'s ("SFTI's") pleading in this case is inadequate to meet the heightened Rule 9(b) pleading standards, or even the pleading standards of Fed. R. Civ. P. 8, as clarified by the Supreme Court in its *Twombly* and *Iqbal* decisions.   SFTI has not alleged that Sun knew the patent at issue had expired, let alone plausibly alleged that Sun acted with the intent to deceive the public.

In opposing Sun's motion to dismiss, SFTI improperly argues for a strict liability standard for false marking with expired patents that directly contradicts the Federal Circuit's *Clontech* and *Pequignot* decisions.   SFTI also misreads *Clontech* and *Pequignot* in arguing that pleading intent to deceive with sufficient specificity would require it to allege more than it needs to prove at trial. SFTI bases this argument on the incorrect and unsupported premise that plaintiff may make a *prima facie* showing of intent to deceive in an expired patent false marking case by demonstrating that the defendant had general knowledge that expired patents do not cover products.   But such a reduced standard of proof for expired patent false marking cases flies in the face of the Federal Circuit's express holding in *Pequignot* that the presumption of intent to deceive that follows from a

1 *prima facie* showing is *weaker* in expired patent false marking cases than in other false marking
2 cases. SFTI should be required to plead intent to deceive with sufficient specificity to comply
3 with Rule 9(b), consistent with binding Federal Circuit precedent and analogous statutory and
4 common law regimes that sound in fraud.

5 For all these reasons, as explained in more detail below, SFTI's complaint should be
6 dismissed for failure to state a claim upon which relief can be granted.

7 **II.  STATEMENT OF ISSUES TO BE DECIDED**

8 A. Whether SFTI's pleading satisfies the heightened Fed. R. Civ. P. 9(b)
9 pleading standard.

10 B. Whether SFTI's pleading satisfies the Fed. R. Civ. P. 8 standard, as clarified
11 by the Supreme Court in *Twombly* and *Iqbal*.

12 **III.  STATEMENT OF RELEVANT FACTS**

13 SFTI has alleged that Sun has falsely marked certain of its Snuggle® brand fabric softener
14 products with the number of a single expired patent, U.S. Patent No. 5,108,009 ("the '009 Patent")
15 (D.I. 22-2, Ex. A), which expired April 29, 2009. (D.I. 1 ¶ 130.) The '009 Patent, titled "Leak
16 and Drip Resistant Storage Dispensing and Measuring Package," relates to "a package for storing
17 and dispensing pourable contents." (Col. 1 ll. 65-66.) SFTI does not dispute that the '009 Patent
18 therefore relates to a particular type of container in which certain Snuggle® brand fabric softeners
19 are packaged, rather than to the fabric softener itself.

20 SFTI also does not dispute that its entire pleading of Sun's alleged intent to deceive
21 consists of the following statements: "Upon information and belief, Sun has made decisions to
22 falsely mark its products long after the expirations [*sic*] of that patent, including each time it has
23 printed or otherwise created such packaging. Upon information and belief, Sun marks its
24 products with patents to induce the public to believe that each such product is protected by each
25 patent listed and with knowledge that nothing is protected by an expired patent. Accordingly,
26 Sun falsely marked its products with intent to deceive the public." (D.I. 1 ¶¶ 131-32.) SFTI does
27 not dispute that it has not pled that Sun knew that patent at issue had expired, and admits that its
28

pleading of intent to deceive consists of its allegation that Sun marked products with an expired patent. (SFTI Br. at 6.)

## IV. ARGUMENT

### A. SFTI's Complaint Should Be Dismissed for Failure to Plead Intent to Deceive with Sufficient Specificity Under the Heightened Pleading Standard of Fed. R. Civ. P. 9(b)

#### 1. Because the False Marking Statute Sounds in Fraud, the Heightened Pleading Standard of Fed. R. Civ. P. 9(b) Applies

##### (a) This Court in *Juniper* Correctly Held That Rule 9(b) Applies Because the False Marking Statute "Is a Fraud-Based Claim"

This Court correctly held that the heightened pleading requirements of Fed. R. Civ. P. 9(b) should apply to actions brought under the false marking statute. *See, e.g., Juniper*, 2009 WL 1381873 at *4. In *Juniper*, the complaint charged the defendant with having made false statements on his website regarding software covered by a patent. The sole allegations of intent to deceive were that the defendant "knew that language to be false." *Juniper*, 2009 WL 1381873 at *4. The Court rejected the plaintiff's argument that knowledge that the statements were false was sufficient to make out a claim under § 292:

> Juniper contends that it need only allege that Shipley knew that Dynamic Firewall was non operational when he associated the patents with that technology. The Court disagrees. The false marking statute is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b). Juniper's conclusory allegations that Shipley "knew" his reference to the patents was "false" are thus insufficient to plead an intent to deceive under section 292(a).

*Id*. (citations omitted).

Contrary to SFTI's incorrect characterization, this Court did not rely on a "superficial, semantic similarity between 'false marking' and the falsity element of fraud." (SFTI Br. at 9.) This Court based its holding on the language of the false marking statute and on relevant Ninth Circuit precedent applying Rule 9(b) in analogous circumstances. *See Juniper*, 2009 WL 1381873 at *4 (citing *Berson v. Applied Signal Technology, Inc*., 527 F.3d 982, 987 (9th Cir. 2008) (applying Rule 9(b) and stating that plaintiffs were required to "state with particularity facts giving rise to a strong inference that defendants acted with the *intent to deceive*") (emphasis added by this Court in *Juniper*)). This Court further noted that the *Astec* decision, relied on heavily by

SFTI (*see, e.g.*, SFTI Br. at 10), "fail[ed] to cite any compelling authority or provide analysis to support" the conclusion that Rule 9(b) does not apply to false marking claims and noted that "in this Circuit fraud-based claims are subject to Rule 9(b)." *Juniper*, 2009 WL 1381873 at *4 n.3 (citing *Astec Am., Inc. v. Power-One, Inc.*, Civil Action No. 07-464, 2008 WL 1734833 (W.D. Tex. Apr. 11, 2008)).

### (b) Pleading Requirements for the False Marking Statute Are Properly Aligned With Those for the False Claims Act and Securities Laws, as Interpreted by the Ninth Circuit

The Ninth Circuit has held that because the False Claims Act ("FCA") is an "anti-fraud statute," FCA claims are subject to the heightened pleading requirements of Rule 9(b). *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). SFTI does not dispute that application of Rule 9(b) to the False Marking Statute is on all fours with the Ninth Circuit's application of Rule 9(b) to the FCA. And with good reason. In holding that FCA claims must be pled with particularity, the Ninth Circuit stated:

> The FCA is an anti-fraud statute. *See* 31 U.S.C. § 3729(a) (using language such as "false or fraudulent," "conspires to defraud," and "intending to defraud"); *see also United States v. Neifert-White Co.*, 390 U.S. 228, 233, 88 S. Ct. 959, 19 L.Ed.2d 1061 (1968) (the FCA "protect[s] the funds and property of the Government from fraudulent claims") (internal quotation marks omitted). As such, we hold that complaints brought under the FCA must fulfill the requirements of Rule 9(b) – defendants accused of defrauding the federal government have the same protections as defendants sued for fraud in other contexts.

*Id*. Just as the FCA uses the phrase "intending to defraud," the False Marking Statute uses the phrase "for the purpose of deceiving the public." Interpretation of this language as sounding in fraud and therefore subject to the heightened pleading requirements of Rule 9(b) reflects the statutory purpose of protecting the public from false patent marking carried out with a "purpose of deceit, rather than simply knowledge that a statement is false." *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010).

As the United States argued in its *amicus* brief in *BP Lubricants*, FCA actions, like actions brought under the False Marking Statute, are *qui tam* actions and should be treated similarly with regard to pleading requirements:

> There is no sound reason that the law regarding Rule 9(b) brought in *qui tam* actions under § 292 should be different than in *qui tam* actions brought pursuant to the FCA. Indeed, it is in the interest of all concerned that the practice in these comparable areas of the law be consistent.

(D.I. 22-3 at 10.)[1]

Similarly, the Ninth Circuit has held that claims brought under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, when they are "grounded in fraud," are subject to the particularity requirement of Rule 9(b). *See, e.g., In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1405 (9th Cir. 1996). SFTI attempts to distinguish this precedent on the grounds that such claims under the securities laws "have a long judicial history of being [a] species of fraud and having similar elements." (SFTI Br. at 9-10.) But the relevance of fraud claims brought under the securities laws and subject to Rule 9(b) lies in their similarity to False Marking claims, irrespective of whether they have a long judicial history of being considered fraud claims.

In *In re Stac*, the Ninth Circuit compared two sections of the securities laws, Section 10(b) and Section 11. While Section 11 does not require *scienter*, and provides for liability for innocent or negligent misstatements or omissions, Section 10(b) requires *scienter*, and makes it unlawful to "use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance." 15 U.S.C. § 78j(b); *see also In re Stac*, 89 F.3d at 1403-4. The Ninth Circuit held that Rule 9(b) applies to Section 11 claims based on fraud, but not to claims based on negligent or innocent misstatements or omissions. *In re Stac*, 89 F.3d at 1405. Therefore, according to settled Ninth Circuit precedent, even a fraud claim brought pursuant to a statute that does not explicitly contain a *scienter* requirement is subject to the heightened pleading standard of Rule 9(b).

---

[1] In contrast, the examples SFTI relies on in an effort to support its argument that Rule 8 rather than Rule 9 should apply to False Marking claims are wholly inapposite. *See, e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that municipal liability and employment discrimination claims are not subject to the heightened pleading requirements of Rule 9(b)); *Jurin v. Google Inc.*, 695 F. Supp. 2d 1117, 1121-22 (E.D. Cal. 2010) (applying Rule 8 without analysis to Lanham Act claims covering acts that do not involve a deceptive purpose or intent); *Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) (applying Rule 8 to § 349 of the New York General Business Law which, as SFTI admits, "extends well beyond common-law fraud to cover a broad range of deceptive practices").

      **(c)   Pleading Requirements for the False Marking Statute Are Properly Aligned With Those for the Patent Law Doctrine of Inequitable Conduct, as Interpreted by the Federal Circuit**

It is settled Federal Circuit precedent that inequitable conduct claims, which also require a showing of intent to deceive, must be pled with particularity and are subject to the heightened Rule 9(b) pleading standards.  *See, e.g., Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009) (rejecting an inequitable conduct claim for failure to plead with sufficient particularity under Rule 9(b) and stating that a "pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)").  The court in *Exergen* stressed that, under Rule 9(b), "[a]lthough 'knowledge' and 'intent' may be averred generally, our precedent, like that of several regional circuits, requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind."  *Id.* at 1327.

Contrary to SFTI's arguments, the elements of inequitable conduct claims readily align with those of false marking claims.  As the Federal Circuit stated in *Exergen*, the "substantive elements of inequitable conduct are:  (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO.  *See id.* at 1327n.3.  As SFTI itself admits (SFTI Br. at 6), the two elements of a False Marking claim are:  (1) marking an unpatented article, and (2) doing so for the purpose of deceiving the public.  35 U.S.C. § 292.  Application of Rule 9(b) to False Marking claims is therefore wholly consistent with the Federal Circuit's *Exergen* holding.[2]

---

[2]   SFTI argues incorrectly that the Federal Circuit "intends for the law of false marking to develop separately from the law of inequitable conduct."  (SFTI Br. at 8-9.)  SFTI provides no credible support for this proposition.  In fact, *Pequignot*, the case that SFTI relies on, indicates the opposite.  The Federal Circuit, in *Pequignot*, emphasized the importance of the element of intent to deceive the public when attempting to prove a false marking claim, stating that "[b]ecause the statute requires that the false marker act 'for the purpose of deceiving the public,' a purpose of deceit, rather than simply knowledge that a statement is false, is required."  *Pequignot*, 608 F.3d at 1365 (citation omitted).  The Federal Circuit further stressed that "[t]he bar for proving deceptive intent here is particularly high, given that the false marking statute is a criminal one, despite being punishable only with a civil fine."  *Id.*  The Federal Circuit's emphasis on the "high

### (d) The Weight of Authority Among Numerous District Courts Favors Application of Fed. R. Civ. P. 9(b) to § 292 Claims

Numerous other district courts have held that the heightened pleading standards of Rule 9(b) apply to § 292 claims and have dismissed claims pled with more particularity than those at issue here for failure to satisfy the heightened standard. *See, e.g., Hollander v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, Civil Action No. 10-836, 2010 WL 4159265 at *5-6 (E.D. Pa. Oct. 21, 2010) (applying Rule 9(b) to dismiss false marking claim for failing to allege intent sufficiently where complaint alleged that defendant was a highly sophisticated entity with extensive patent-related experience and knew or should have known that it was falsely marking its products); *North Carolina Farmers' Assistance Fund, Inc. v. Monsanto Co.*, Civil Action No. 08-409, 2010 WL 3817349 at *9 (M.D.N.C. Sept. 27, 2010) (applying Rule 9(b) to dismiss false marking claim on the grounds that plaintiff's allegations of intent were "wholly conclusory" and failed "to allege any facts to indicate on what basis each Defendant may have falsely marked its product"); *Josephs v. Federal-Mogul Corp.*, Civil Action No. 10-10617, 2010 WL 3803779 at *2-3 (E.D. Mich. Sept. 23, 2010) (applying Rule 9(b) to dismiss false marking claim on the grounds that plaintiff's allegations that defendant was a patent-sophisticated company that knew or should have known it was falsely marking its products were "insufficient to support the inference that [defendant] acted with the intent to deceive the public"); *Brinkmeier v. Bic Corp. and Bic USA Inc.*, Civil Action Nos. 09-860, 10-01, 2010 WL 3360568 at *10 (D. Del. Aug. 25, 2010) (applying Rule 9(b) to dismiss false marking claims on the grounds that "it appears just as likely on the facts pled that [defendant] made a marking error"); *Shizzle Pop, LLC v. Wham-O, Inc.*, Civil Action No. 10-3491, 2010 WL 3063066 at *4 (C.D. Cal. Aug. 2, 2010) (applying Rule 9(b) to dismiss false marking claim and rejecting argument that because defendant updated its packaging after the patent at issue had expired defendant acted with intent to deceive); *Simonian v. Cisco Systems, Inc.*, Civil Action No. 10-1306, 2010 WL 2523211 at *3 (N.D. Ill. Jun. 17, 2010) (applying Rule 9(b) to dismiss false marking complaint and reasoning that because false marking bar" for proving intent to deceive the public is entirely consistent with application of a heightened pleading standard, and with the *Exergen* decision.

1  "is only actionable where there is an intent to deceive," a false marking claim is a fraud-based
2  claim subject to Rule 9(b)).

3  SFTI's statement that "there is a growing trend among the District Courts" to apply Rule 8
4  rather than Rule 9 to False Marking claims incorrectly characterizes the decisions SFTI cites.  For
5  example, in *Accord Patents*, the Northern District of Georgia *dismissed* a false marking claim
6  under Rule 8 for failure "to plausibly support" the intent to deceive element of the claim.  *See*
7  *Accord Patents, LLC v. Superfeet Worldwide, Inc.*, Civil Action No. 10-862, 2010 WL 4236794 at
8  *1-2 (N.D. Ga. Oct. 19, 2010).  The court noted explicitly that "[b]ecause the Court finds that
9  Accord Patents' complaint fails to meet the more liberal pleading standard of Fed. R. Civ. P. 8,
10 there is no need to address" whether Rule 9(b) applied.[3]  *See id*. at *2 n.4.

11
12     **2. SFTI's Pleading Does Not Satisfy Fed. R. Civ. P. 9(b), Despite SFTI's Efforts to Cast § 292 as a Strict Liability Statute**

13 SFTI has not even alleged that Sun knew that the patent had expired, let alone plausibly
14 alleged that Sun acted with intent to deceive the public.  SFTI's pleadings do not approach the
15 level of specificity *rejected* by this Court in *Juniper*.  In *Juniper*, the plaintiff alleged that the
16 defendant knew the marking at issue to be false.  *Juniper*, 2009 WL 1381873 at *4.  This Court
17 nonetheless held that "Juniper's conclusory allegations that Shipley 'knew' his reference to the
18 patents was 'false' are thus insufficient to plead an intent to deceive under section 292(a)."  *Id*.
19 SFTI is wrong as a matter of law (SFTI Br. at 11) that its boilerplate allegations of intent to
20 deceive the public are sufficient because "intent, knowledge, and other conditions of a person's
21 mind may be alleged generally."  Fed. R. Civ. P. 9(b).  As the Federal Circuit stated in *Exergen*,
22 "[a]lthough 'knowledge' and 'intent' may be averred generally, our precedent, like that of several
23 regional circuits, requires that the pleadings allege sufficient underlying facts from which a court
24 may reasonably infer that a party acted with the requisite state of mind."  *Exergen*, 575 F.3d at

---

[3] The remaining decisions that SFTI relies on as evidence of the "growing trend" it describes were all issued by Judge Ward of the Eastern District of Texas, and all rely on the reasoning of *Astec* and *Promote Innovation LLC v. Ranbaxy Labs. Inc.*, Civil Action No. 10-121, 2010 WL 3120042 (E.D. Tex. August 9, 2010).  In *Ranbaxy*, the court adopted a magistrate's report and recommendations that concluded, based on *Astec*, that Rule 8 applied to false marking claims. *See Ranbaxy*, 2010 WL 3120040 at *2.

1327.  According to SFTI's own argument, it has not alleged any facts from which this Court may reasonably infer that Sun acted with intent to deceive the public:

> [T]he complaint alleges "generally" that "Sun marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent.  Accordingly, Sun falsely marked its products with intent to deceive the public."

(SFTI Br. at 11.)   But this pleading alleges no "facts" other than that Sun marks products with patents to induce the public to believe that the products are protected by the marked patents and that Sun has knowledge that nothing is protected by an expired patent.   These "facts," individually or in combination, do not support a reasonable inference that Sun acted with "the requisite state of mind," *i.e.*, the intent to deceive the public.

SFTI is similarly wrong as a matter of law that the appropriate application of Rule 9(b) to false marking claims would require false marking plaintiffs to plead more than they are required to prove at trial.   (SFTI Br. at 12.)   This argument appears to be based on the incorrect proposition that plaintiff may prove intent to deceive at trial by showing "that the marker had sufficient knowledge to put it on notice that its marking was false."   (SFTI Br. at 5.)   But "sufficient knowledge to put it on notice" is not the standard.

Despite SFTI's attempts to rely on *Clontech* and *Pequignot* for support, these cases do not establish a "sufficient knowledge to put [a defendant] on notice" rule.   As a preliminary matter, *Clontech* did not involve expired patents.   The Federal Circuit in *Clontech* stated that to establish knowledge of falsity the plaintiff must show that the defendant "did not have a reasonable belief that the articles were properly marked."[4]   *Clontech*, 406 F.3d at 1352-53.   This language was directed towards the issue whether a non-expired patent actually covered the marked product.   In such a case, a defendant might have a specific and reasonable (yet ultimately incorrect) belief that the patent at issue covered the product at issue.

---

[4]   SFTI incorrectly represents this standard as "showing a lack of a *reasonable basis to believe* that a marking was true."   (SFTI Br. at 5 (emphasis added).)   SFTI seeks to cast the standard as requiring only general, rather than specific knowledge, regarding the patent and issue and product at issue.   SFTI's improper efforts to represent the applicable Federal Circuit precedent as establishing an essentially strict liability standard for false marking should be rejected.

1    In *Pequignot*, which involved expired patents, the Federal Circuit stated that "the
2  combination of a false statement and knowledge that the statement was false creates a rebuttable
3  presumption of intent to deceive the public."  *Pequignot*, 608 F.3d at 1362-3.   The Federal
4  Circuit stressed in *Pequignot* that the "bar for proving deceptive intent here is particularly high,
5  given that the false marking statute is a criminal one."  *Id*. at 1363.   The Federal Circuit found
6  that the defendant had successfully rebutted the presumption with credible evidence that it did not
7  intend to deceive the public, despite the fact that it had continued to mark products with patents
8  *that it knew to be expired*.   *Id*.

9    Neither *Clontech* nor *Pequignot* stands for the proposition that a false marking plaintiff
10 may prove intent to deceive the public by a mere showing that the defendant marked a product
11 with an expired patent and had general knowledge that expired patents do not cover products on
12 which they are marked.   Because such a rule would effectively establish strict liability for false
13 marking with expired patents, it would directly contradict the Federal Circuit's explicit statement
14 in *Clontech* that "[w]e see no reason to interpret the statute differently to render it a statute of strict
15 liability for mismarking."[5]   406 F.3d at 1352.   Such a rule would also be irreconcilable with the
16 Federal Circuit's holding in *Pequignot* that "when the false markings at issue are expired patents
17 that had previously covered the marked products, the *Clontech* presumption of intent to deceive is
18 weaker."  *Pequignot*, 608 F.3d at 1364 (internal quotation and citation omitted).   SFTI's
19 argument would lead to the illogical result that in expired patent false marking cases, as compared
20 to non-expired patent false marking cases, the plaintiff would have a significantly lower burden to
21 make out a *prima facie* case of intent to deceive, but would obtain a weaker presumption of intent
22 to deceive resulting from the *prima facie* case.   SFTI's argument would also lead to the illogical
23 result that false marking claims based on expired patents, as compared to those based on non-

---

[5]   SFTI itself admits that the pleading standard it is propounding is essentially a strict liability standard for marking with an expired patent:   "Since it is beyond dispute that a marking with an expired patent is false, there can be no reasonable basis to believe such a marking is true. Accordingly, allegations of marking with an expired patent are sufficient to allege that a defendant lacked a reasonable basis to believe its marking was true – which is the same as alleging intent to deceive under the applicable presumption."   (SFTI Br. at 6-7.)   Although SFTI cites to *Pequignot* to support this untenable proposition, the case nowhere adopts such a standard.

-10-

Case No. 10-CV-03251-JF
REPLY IN SUPPORT OF DEFENDANT THE
SUN PRODUCTS CORPORATION'S MOTION TO DISMISS

expired patents, would be subject to less stringent pleading requirements, but more stringent evidentiary requirements, in that the presumption resulting from a *prima facie* case would be weaker.

SFTI's attempt to bootstrap its vague and insufficient pleadings onto an incorrect interpretation of Federal Circuit precedent should be rejected.   Both *Clontech* and *Pequignot* stand for the proposition that the intent requirement of the false marking statute is a critical element of a false marking claim and must be proved for the claim to succeed.   These cases support application of Rule 9(b) to false marking claims, to ensure that these claims are not brought in the absence of "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind."   *Exergen*, 575 F.3d at 1327.   SFTI's sole allegation relating to Sun's knowledge is that Sun has "knowledge that nothing is protected by an expired patent."   (D.I. 1 ¶ 132.)   Even if proved, this allegation would be insufficient to raise a presumption of intent to deceive under *Clontech* and *Pequignot* and is insufficient to meet the Rule 9(b) pleading standard.[6]

**B.     SFTI's Complaint Should Be Dismissed for Failure to State a Claim Under the Fed. R. Civ. P. 8 Standard, as Clarified by the Supreme Court's *Twombly* and *Iqbal* Decisions**

SFTI's pleadings are insufficient even under the standard of Fed. R. Civ. P. 8,   Under Rule 8, conclusory allegations and speculation are insufficient to state a claim.   *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).   In both *Twombly* and *Iqbal*, the Supreme Court dismissed the claims at issue under Rule 8 on the grounds that the

---

[6]   As the United States noted in its *amicus* brief in *BP Lubricants*, some district courts (such as the Northern District of Illinois, whose decisions SFTI cites (SFTI Br. at 12-14)) have held that Rule 9(b) applies to false marking claims and that "[b]are bones allegations that a defendant is a 'sophisticated company' which 'knows or should know' that the patent at issue had expired" are sufficient to satisfy the rule.   (D.I. 22-3 Ex. 1 at 14-16.)   The United States, however, argued explicitly in the brief that district courts that have rejected such bare bones pleadings as insufficient under Rule 9(b) "have the better rationale and should be followed."   (D.I. 22-3 Ex. 1 at 15.)   SFTI also overstates Judge Seeborg's comment regarding the adequacy of the false marking pleadings at issue during oral argument in *SFTI v. Adobe Systems*, *Inc.*, Civil Action No. 09-6083 (SFTI Br. at 15-16).   Contrary to SFTI's characterization, Judge Seeborg did not "conclude" that SFTI's allegations are sufficient in *Adobe*.   Instead, Judge Seeborg at the hearing gave the parties a preliminary evaluation, which he described as "an initial read," on the adequacy of SFTI's pleadings.   (D.I. 24-1 at 9:9-14.)   Judge Seeborg has not yet decided the issue.

1  claims contained conclusory allegations and that the factual allegations in the complaints did not
2  plausibly suggest entitlement to relief.   See *Iqbal*, 129 S. Ct. at 1950-51.
3        District courts have found pleadings more specific than SFTI's to be insufficient to meet
4  the Rule 8 standard.   See, e.g., *Accord Patents*, 2010 WL 4236794 at *1-2 (applying Rule 8 to
5  dismiss false marking claims alleging that defendant knew or should have known about the false
6  marking, falsely marked the products to deter competition, and intended to deceive the public);
7  *Patent Compliance Group, Inc. v. Wright Medical Technology, Inc.*, Civil Action No. 10-289,
8  2010 WL 3766724 at *3 (N.D. Tex. Sept. 27, 2010) (dismissing false marking claims as
9  insufficient regardless whether the Rule 8 or Rule 9 standard applied where the plaintiff had pled
10 that the defendant intended to deceive the public by falsely marking its products with expired
11 patents but had pled "no facts in support of its allegations").
12       SFTI's Complaint is deficient under the standards set forth in *Twombly* and *Iqbal*.   SFTI's
13 Complaint contains no factual allegations sufficient to plausibly suggest that Sun acted with intent
14 to deceive the public.   SFTI has not even pled that Sun knew that the patent at issue had expired,
15 let alone offered any plausible basis for its speculative and conclusory allegation that Sun acted
16 with intent to deceive.   SFTI's Complaint should be dismissed.

17 **V.   CONCLUSION**
18       For all of these reasons, Sun respectfully requests that the Court grant its motion to dismiss
19 for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).
20
21 DATED:   January 6, 2011            QUINN EMANUEL URQUHART &
                                                   SULLIVAN, LLP
22
23
24                                      By  */s/Thomas R. Watson*
                                           Thomas R. Watson
25                                            Attorneys for Defendant
                                           The Sun Products Corporation
26
27
28

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on January 6, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF service per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Dated:    January 6, 2011

By:    */s/Thomas R. Watson*
Thomas R. Watson

-13- Case No. 10-CV-03251-JF
REPLY IN SUPPORT OF DEFENDANT THE
SUN PRODUCTS CORPORATION'S MOTION TO DISMISS